that a verdict for the plaintiff will not be permitted to stand, that the court is justified in withdrawing the case from the consideration of the jury.

The judgment is reversed.

---

## MOHNS v. NETHERLANDS-AMERICAN STEAM NAVIGATION CO.

(Circuit Court of Appeals, Second Circuit.   June 14, 1910.)

### No. 277.

SHIPPING (§ 166)—CARRIAGE OF PASSENGERS—PERSONAL INJURIES—LIABILITY.
　　A steamship company is liable for injury to a passenger, caused by a mat slipping as she entered a doorway, where the mat was too small to fit properly into its place.

　　[Ed. Note.—For other cases, see Shipping, Cent. Dig. § 544; Dec. Dig. § 166.*]

Appeal from the District Court of the United States for the Southern District of New York.

Action by Mary Mohns against the Netherlands-American Steam Navigation Company.   Decree for libelant, and defendant appeals. Affirmed.

The following is the opinion of Adams, District Judge, in the trial court:

This action was brought by Mary Mohns to recover from the Netherlands-American Steam Navigation Company for personal injuries received on the 28th of June, 1905, while a second-class passenger on the respondent's steamer Rotterdam during a voyage from New York to Rotterdam.   She alleged that in going from the upper deck to the dining room she stepped upon a mat at the head of a stairway, which mat slipped, causing her to fall heavily, fracturing and spraining her left ankle and otherwise injuring her.   The respondent alleged the seaworthy condition of the steamer, that the libelant in stepping over the door sill at the entrance to the stairway made too long a step, losing her balance and twisting her foot, owing to the rolling and pitching of the steamer in a heavy sea.

The testimony shows nothing extraordinary in the weather, and that the accident happened as alleged by the libelant.   The only question in the case is whether the mat fitted the place it was being used in at the head of the stairway.   The preponderance of the testimony clearly shows that the mat did not fit properly into its place, but was too small both in length and width. This was noticed by several passengers, but apparently not by any of the steamer's people, who had it made to fit the place, and evidently thought it did so.   That is not enough, however, to relieve the steamer from responsibility for the lack of proper appurtenances for the safety of passengers, and it was liable for the results of this accident.

There will be a decree for the libelant, with an order of reference.

Wing, Putnam & Burlingham, for appellant.
Bartholomew B. Coyne, for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM.   Decree of District Court affirmed, with interest and costs.

---